UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LOK T. LAU,

          Plaintiff,         CIV. S-04-2351 WBS PAN PS

     v.

ANTONIO V. SILVA, ANTONIO V.         ORDER
SILVA P.C., PATRICIA TSUBOKAWA
REEVES, and REEVES & ASHLEY,

          Defendants.

—oOo—

    In separate motions, defendants Silva and Reeves and their respective law firms move to dismiss plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim.  Fed. R. Civ. P. 12(b)(1) and (6).  Plaintiff has filed an opposition and motion for leave to file an amended complaint.  Fed. R. Civ. P. 15(a).

    The complaint, filed November 2, 2004, invokes this court's diversity jurisdiction and seeks $5 million damages based

on state law claims for legal malpractice, professional negligence, breach of contract and conversion by attorneys Silva and Reeves.  Plaintiff, a former FBI agent, alleges he entered into contracts with Silva in April 1999 and Reeves in February 2002 for legal representation in plaintiff's action against the U.S. Department of Justice.  That action--<u>Lau v. John Ashcroft, Attorney General</u>, Civ. S-02-0390 GEB GGH--alleged discrimination based on race and national origin in violation of Title VII, discrimination based on disability in violation of the Rehabilitation Act, and retaliatory termination.  On November 3, 2003, the Honorable Garland E. Burrell, Jr., granted defendant's motion for summary judgment on each of plaintiff's claims. Plaintiff now asserts defendants failed adequately to represent him.

     Defendants contend this court is without subject matter jurisdiction due to the lack of complete diversity among the parties.

     A federal court's authority to hear cases in diversity is set forth at 28 U.S.C. § 1332.  "The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant. That compliance with the diversity statute, including its complete diversity requirement, is the *sine qua non* of diversity jurisdiction was made clear in <u>Newman-Green, Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826 (1989).  In a case involving claims against

2

multiple defendants, 'the plaintiff must meet the requirements of the diversity statute for each defendant. Id. at 829.'" Lee v. American National Insurance Company, 260 F.3d 997, 1004-1005 (9th Cir. 2001) (fn. and citations omitted).

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996); Fed. R. Civ. P. 8(a) (requiring that a pleading set forth "a short and plain statement of the grounds upon which the court's jurisdiction depends").

The complaint does not identify plaintiff's citizenship or domicile and asserts only that defendant Silva is "a licensed Attorney within the State of Texas" where he "maintains an office" and defendant Reeves is "a licensed Attorney within the State of California" where she "maintains an office." The proposed amended complaint states that plaintiff is a California citizen "duly domiciled in the county of Sacramento," defendant Reeves is a "resident of California," and defendant Silva "resides" and is "domiciled" in Texas.

Domicile and citizenship are synonymous for diversity purposes. Williamson v. Osenton, 232 U.S. 619, 624 (1914). Domicile rests upon establishing a residence with the intent of maintaining it permanently or indefinitely. Id., Mitchell v. U.S., 88 U.S. 350, 353 (1874). An allegation of residency alone does not establish domicile. Matin v. Broadcast Music, Inc., 244 F.2d 204, 206 (9th Cir. 1957). The essential fact transforming a

3

residence to a domicile is the absence of any intention to live elsewhere.  <u>Williamson</u>, 232 U.S. at 624.

Plaintiff's proposed amended complaint avers adequately the diversity of citizenship between plaintiff and Silva; assuming without deciding that Reeves is domiciled in California, her inclusion extinguishes complete diversity.  Since plaintiff asserts Reeves is essential to his action and names her as a defendant in both his complaint and proposed amended complaint, neither support this court's exercise of diversity jurisdiction. Nor may this court exercise original subject matter jurisdiction over plaintiff's state law claims.

Accordingly, defendant's motion to dismiss is granted and the complaint dismissed.  Plaintiff's motion for leave to file the proposed amended complaint is denied.

Plaintiff may, within twenty days after service of this order, file and serve an amended complaint that excludes Reeves, if appropriate, or otherwise secures this court's jurisdiction. Failure timely to file an amended complaint will result in a recommendation this action be dismissed.

So ordered.

Dated:  August 31, 2005.

                                     /s/ Peter A. Nowinski
                                     PETER A. NOWINSKI
                                       Magistrate Judge