IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LOK T. LAU,

        Plaintiff,

   v.

ANTHONY V. SILVA, P.C.,
et al.,

        Defendants.
_____/

No.  CIV.S-04-2351 WBS DAD PS

FINDINGS AND RECOMMENDATIONS

        This action came before the court on November 17, 2006, for hearing on plaintiff's motion to strike defendants' answer and for Federal Rule of Civil Procedure 11 sanctions.  Plaintiff, proceeding pro se, appeared on his own behalf.  Joseph Hood appeared as counsel for defendants Antonio V. Silva, P.C. and Antonio Silva.  For the reasons set forth below, the undersigned recommends that plaintiff's motion be denied.

        Plaintiff initiated this breach of contract diversity action by filing his complaint on November 2, 2004.  After initially

1

being assigned and re-assigned to a variety of magistrate judges, it was referred to the undersigned pursuant to Local Rule 72-302(c)(21) on September 27, 2006.  Shortly thereafter, plaintiff filed the instant motion to strike and for sanctions.  Plaintiff contends that defendants' answer should be stricken as untimely.  In this regard, plaintiff points out that his amended complaint was filed on September 16, 2005, but that defendants did not answer until more than a year later on September 25, 2006.  Plaintiff's contention is misplaced.

   This case has a somewhat cumbersome procedural history. Nonetheless, the record indicates that plaintiff filed his initial complaint on November 2, 2004.  A defendant's answer normally is due within 20 days after service of the summons and complaint.  <u>See</u> Fed. R. Civ. P. 12(a)(1)(A).  In this case, however, defendants executed a waiver of service, which resulted in defendants being entitled to answer or otherwise respond to the complaint within 60 days from the date the request for waiver was sent.  <u>See</u> Fed. R. Civ. P. 12(a)(1)(B).  According to the docket, defendants' answer therefore was due on or January 28, 2005.  The court recognizes that defendants did not file an answer prior to January 28, 2005.  However, on January 3, 2005, defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Having been filed within 60 days from the date the request for waiver was sent, that motion was a legitimate and timely response to plaintiff's complaint.  <u>See</u> Fed. R. Civ. P. 12(b)(a motion made on any grounds
/////

2

enumerated in Rule 12(b) "shall be made before pleading if a further pleading is permitted").

By order filed August 31, 2005, the court granted defendants' motion to dismiss and dismissed plaintiff's complaint with leave to amend.  Plaintiff filed an amended complaint on September 16, 2005, and it was served around the same time.  Normally, this would have required defendants' answer to be filed within 10 days from the service of the amended complaint.  See Fed. R. Civ. P. 15(a).  However, defendants again filed a Rule 12(b)(6) motion to dismiss on October 4, 2005, which again was a legitimate response to plaintiff's amended complaint.[1]  See Fed. R. Civ. P. 12(b).

By order filed September 11, 2006, defendants' second motion to dismiss was denied.  Defendants then filed their answer on September 25, 2006.  This was a timely response as well.  See 12(a)(4)(A)(if court denies Rule 12(b) motion, response to complaint "shall be served within 10 days after notice of the court's action"); see also Fed. R. Civ. P. 6(a)("When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.").

In short, the record indicates that defendants motions to dismiss and their eventual answer to plaintiff's amended complaint were all filed in a timely fashion in accordance with the applicable

---

[1] The date of service of plaintiff's amended complaint is not clear in the record, but in any event defendants' motion to dismiss the amended complaint was not denied as untimely.

3

rules.  There is no basis for striking defendants' answer, much less the issuing of Rule 11 sanctions.[2]  Accordingly, plaintiff's motion to strike and for sanctions should be denied.

For these reasons, the undersigned HEREBY RECOMMENDS that plaintiff's motion to strike and for sanctions be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 17, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
ddad1\orders.prose\lau2351.f&r

---

[2] In seeking Rule 11 sanctions, plaintiff appears to argue that defendants should be sanctioned for their, as plaintiff might put it, audacity in filing an answer in the face of the court's denial of the motion to dismiss.  This argument reflects plaintiff's fundamental misunderstanding of the purposes of motions to dismiss and answers and therefore lacks merit.